UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

    vs.                                                         CRIMINAL NO. 3:20-MJ-846 (RAR)

RICHARD SMITH                                          (March 5, 2021)

**MOTION FOR RELEASE WITH PROPOSED CONDITIONS**

Mr. Richard Smith, the Defendant, though undersigned counsel, files this Motion for Release with Proposed Conditions for the reasons set forth below.

**I.  Procedural History**

1. Mr. Smith is charged in a Complaint dated October 1, 2020 with violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and §§ 2252A(a)(5)(B) and (b)(2). *See* ECF No. 1.

2. On October 1, 2020 Mr. Smith appeared before Magistrate Judge Robert A. Richardson for his Initial Appearance. *See* ECF No. 3.

3. On the same date Mr. Smith consented to detention without prejudice until a suitable release plan could be proposed before the Court.

4. Mr. Smith appeared before this Court on November 25, 2020 for a hearing on a Motion to Release with Proposed Conditions.

5. On the same date this Court denied that Motion. *See* ECF No. 17.

6. Mr. Smith is presently being held at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island.

## II.     Legal Framework

Pursuant to Federal Rule of Criminal Procedure 46(a), "The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." Title 18 U.S.C. § 3142(c)(1)(B) sets forth the standards for release or detention pending trial indicating in pertinent part that:

> … If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person – subject to the least restrictive further condition, or combination of conditions, that the judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

## III.    Factors in Favor of Release

The following militates in favor of Mr. Smith's release:

First, Mr. Smith has strong ties to the community, buttressed by a solid support system. Mr. Smith was born and raised in Waterbury, Connecticut. He is now sixty-five years old. Most notably, his wife, Charlene Smith is devoted to seeing Mr. Smith through the obstacles that he presently faces. Mr. and Ms. Smith have been married for twenty-seven years and together they've lived in Southington, Connecticut for nearly twenty-five years. Ms. Smith has been fully briefed on what it means to be a third-party custodian and is willing to hold Mr. Smith accountable to the Court while on pre-trial release. She is also willing and prepared to sign an unsecured bond in an amount to be determined by this Court.

Mr. Smith's family is small. His mother, who is 97 years old is still living in the area. Furthermore, he has an older sister, Ms. Terry Smith. Ms. Smith resides with their elderly mother;

however, she lives nearby to Richard and Charlene. While Ms. Terry Smith cannot sign on as a full-time third-party custodian, she is willing to be available a few hours a week to be with Richard when Charlene is working or tending to family and other personal matters. There are not an abundance of friends and relatives who can provide 24/7 supervision to Richard, but between Terry and Charlene Smith, they are committed to doing what they can to assure the Court that Richard is regularly being monitored. Any "gap in supervision", is more that adequately made up for by the means of home incarceration with 24/7 electronic monitoring.

Second, Mr. Smith has a history of depression and bipolar disorder. He also suffers from severe Obsessive Compulsive Disorder. As a condition of his bond, the undersigned is proposing that Mr. Smith attend regular therapy sessions with Dr. Michael Dibiase at the Hospital of Central CT in New Britain to address his mental health issues. His first scheduled appointment is March 25, 2021 at 2:30pm. Charlene will take Mr. Smith to and from all appointments.

Third, and most significantly and as argued in our previous motion, Mr. Smith has a history of high blood pressure, kidney failure, obesity and osteoarthritis. Attached as *Exhibit A* is a letter from the Medical Justice Alliance, Inc. On January 25, 2021, three Yale New-Haven emergency department physicians on the front lines of the COVID-19 crisis met with Mr. Smith while he was incarcerated at HCC. They also carefully reviewed his medical records (attached as *Exhibit B under seal*). As the Court will note, the physicians are greatly concerned for Mr. Smith's health, should he remain in custody. While this letter was written when Mr. Smith was at HCC, his health conditions remain the same at the Donald W. Wyatt Detention Facility, and the analysis is the same. Most notably they conclude the following:

> In brief, Mr. Smith is a 65 year old man with medical history significant for uncontrolled obesity, hypertension, chronic kidney disease. Mr. Smith's age and medical conditions place him at risk for severe life

3

threatening COVID-19 infection. According to the CDC, individuals between the ages of 65-74 have a 5-fold higher chance of hospitalization and 90 fold higher chance of dying as a result of COVID-19. Eight out of ten COVID-19 deaths reported in the U.S. have been in adults 65 years old and older. *See Exhibit A*.

Mr. Smith's uncontrolled hypertension also places him at increased risk for severe COVID-19 infection and death. Hypertension is the most common risk factor in patients hospitalized for COVID-19. Mr. Smith's medical history is notable for "recalcitrant hypertension" as described by his cardiologist. Resistant to different medication regimens, his blood pressure is notably hard to treat and he was given strict instructions to monitor it closely. During our interview with Mr. Smith, he made it clear that his blood pressure has not been checked more than 5-6 times since his incarceration in October 2020 and none since the full lock-down began in December. This illustrates that his prison-based healthcare is not able to manage his complex condition in the context of this deadly pandemic. *Id*.

Mr. Smith's cardiac history is notable for two significant events - acutely reduced systolic function in 2015, and a pericardial effusion with tamponade physiology which required a pericardial drain to be temporarily placed in 2017. Mr. Smith has been unable to follow-up with his cardiologist as necessary to monitor the aftermath of these conditions. He was supposed to undergo a cardiac echo in October prior to his incarceration. This vitally important study has been continuously delayed. Chronic heart disease increases the risk of COVID-19 infection and while infected, these individuals are more likely to have acute cardiac events that result in clinical deterioration. 6 In addition, individuals with heart failure are more than four times as likely to have severe COVID-19 infection requiring hospitalization. 2 Another comorbidity that puts Mr. Smith at significant risk for COVID-19 is his chronic kidney disease (CKD). He is in CKD stage 3b which corresponds to moderate to severely decreased kidney function. Over a third of patients hospitalized with COVID-19 develop further kidney injury, and a third of this group dies. *Id*.

In conclusion, Mr. Smith has several significant independent risk factors for severe COVID-19 infection and death from COVID-19. Cumulatively, his risk for hospitalization or death is many times higher than that of the general population. Because of his elevated risk of severe COVID-19 infection and the risk of COVID-19 transmission at his facility, it is our assessment that the conditions of his incarceration constitute an undue risk to his health and safety. Should he contract the COVID-19, Mr. Smith's risk of having a severe disease course and

4

>    dying in custody is far above average. He should be released immediately into an environment where he can practice strict social distancing, hand hygiene and mask wearing. *Id*.

Fourth, Mr. Smith is clearly not a serious risk of flight, as evidenced by his conduct on the day of his arrest. He cooperated with law enforcement and has appeared for all of his court dates. He has no instances of failing to appear in his past.

Fifth, the forthcoming proposed conditions are sufficient to rebut any presumption that Mr. Smith is a danger to the community or a risk of flight.

**Conclusion**

Based on the foregoing, Mr. Smith respectfully requests this Court to grant this Motion, releasing him with the proposed conditions. To the degree that the Court finds that Mr. Smith is a serious risk of flight, or risk of danger, pursuant to 18 U.S.C. §3142, the proposed strict conditions can be imposed to offset those concerns. As will be suggested in court, Mr. Smith asks the Court to impose the following conditions:

(1) Mr. Smith will be released on an unsecured bond in an amount to be determined by the Court, to be co-signed by Ms. Charlene Smith.

(2) Mr. Smith will be on home incarceration, monitored with an ankle bracelet provided by the United States Probation Office.

(3) There will be NO INTERNET ACCESS in the home. All internet will be cut off.

(4) Mr. Smith will not be allowed to leave the home, except for medical appointments, mental health treatment, meetings with his attorney, and court dates.

(5) Mr. Smith must attend regular mental-health treatment with Dr. Dibiase as outlined above.

(6) Mr. Smith's sister, Terry Smith will provide Charlene with assistance in supervising Richard Smith when Charlene has to work or attend to family and other personal matters.

(7) All other travel outside the home will have to be pre-approved by the Court or the United States Probation Office.

(8) Ms. Charlene Smith will act as Mr. Smith's third-party custodian.

(9) Any travel is restricted to the District of Connecticut.

(10) Mr. Smith shall surrender his US Passport (should he have one).

(11) Mr. Smith shall not, under any circumstance, access the internet via computer, cell phone, or any other electronic device. This is further made possible by the "cutting off" of the internet in the home.

(12) Mr. Smith is not to have access to any "smart device", like a laptop, cellphone, tablet, etc.

WHEREFORE, premises considered, the undersigned respectfully requests that this Honorable Court grant this motion.

                                      Respectfully Submitted,

                                      THE DEFENDANT,
                                      Richard E. Smith

                                      FEDERAL DEFENDER OFFICE

Date: March 05, 2021                      */s/ Ashley Meskill*
                                      Assistant Federal Defender
                                      10 Columbus Blvd, Floor 6
                                      Hartford, CT 06106
                                      Phone: (860) 493-6260
                                      Bar No.: phv10217
                                      Email: ashley_meskill@fd.org

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 05, 2021, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                */s/ Ashley H. Meskill*
                Ashley H. Meskill