UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-19-1

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:21 CR 47 (JAM (RAK)) |
| v. | VIOLATIONS: |
| RICHARD SMITH | 18 U.S.C. §§ 2252A(a)(2) and (b)(1)<br>(Receipt of Child Pornography)<br><br>18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2)<br>(Possession of Child Pornography) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Receipt of Child Pornography)

1. Between on or about September 7, 2019 and on or about October 1, 2020, in the District of Connecticut, the defendant RICHARD SMITH, subsequent to a conviction relating to possession of child pornography, that is, a conviction in the Connecticut Superior Court of the crime of possession of child pornography in violation of Connecticut General Statutes § 53a-196d, on or about May 4, 1999, and subsequent to a conviction relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward, that is, a conviction in the Connecticut Superior Court of risk of injury to a minor in violation of Connecticut General Statutes § 53-21(a)(2), on or about May 4, 1999, did knowingly receive, and did attempt to receive, child pornography as that term is defined in Title 18, United States Code, Section 2256(8)(A), including, but not limited to, images bearing the file names XXXXs (19).jpg, XXXXs (29).jpg, XXXXs (39).jpg, XXXXs (56).jpg, the full file names which are known to the Grand Jury, each of which is a visual depiction of a minor engaging in sexually explicit conduct as that term is defined in Title

18 United States Code, Section 2256(2)(A), and which defendant SMITH knew contained child pornography, and which was received and attempted to be received using any means and facility of interstate and foreign commerce, and which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

## COUNT TWO
(Possession of Child Pornography)

2. On or about October 1, 2020, in the District of Connecticut, the defendant RICHARD SMITH, subsequent to a conviction relating to possession of child pornography, that is, a conviction in the Connecticut Superior Court of the crime of possession of child pornography in violation of Connecticut General Statutes § 53a-196d, on or about May 4, 1999, and subsequent to a conviction relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward, that is, a conviction in the Connecticut Superior Court of risk of injury to a minor in violation of Connecticut General Statutes § 53-21(a)(2), on or about May 4, 1999, did knowingly possess child pornography as that term is defined in Title 18, United States Code, Section 2256(8)(A), including, but not limited to, images bearing the file names XXXX3a5c.gif, XXXXcd65.gif, XXXX0664.jpg, XXXXbf9z.gif, the full file names which are known to the Grand Jury, each of which is a visual depiction of a minor, who was prepubescent and had not attained the age of 12 years of age, engaging in sexually explicit conduct as that term is defined in Title 18 United States Code, Section 2256(2)(A), each of which defendant SMITH knew contained child pornography, and which had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, and in and effecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(b) and (b)(2).

## FORFEITURE ALLEGATION

3.  Upon conviction of one or more of the offenses alleged in Counts One and Two of this Indictment, the defendant RICHARD SMITH shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a) all right, title, and interest in any property used or intended to be used to commit or facilitate the commission of the offense, all property constituting or traceable to proceeds obtained, directly or indirectly, from such offense, and all visual depictions described in 18 United States Code Sections 2251-2252, and any book, magazine, periodical, film, videotape, or other matter containing any such visual depiction, which was produced, transported, mailed, shipped, or received in committing such offenses, including but not limited to the following items seized from the defendant's home on October 1, 2020: one (1) Hewlett-Packard Pavilion p6000 desktop computer; one (1) Seagate external two terabyte hard drive; one (1) Cybertron desktop computer containing: one (1) Crucial 120 gigabyte hard drive, one (1) Toshiba two terabyte hard drive, two (2) Western Digital six terabyte hard drives, two (2) Seagate six terabyte hard drives; one (1) Seagate five terabyte hard drive; and one (1) Media Sonic Pro Box external six terabyte storage box.

4.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek

forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Sections 2253, Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

PATRICK J. DOHERTY
ASSISTANT UNITED STATES ATTORNEY