IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21CR47 (JAM) (RAR) |
| v. | April 15, 2021 |
| RICHARD SMITH | |

**GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION**

Pursuant to 18 U.S.C § 3771(d)(2), the United States requests respectfully that the Court authorize the alternative victim notification described below in order to provide notice to the large number of victims in this child pornography case. The defendant, through Tracy Hayes, Esq., takes no position on the Government's motion.

I.   **Introduction**

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a).  The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Therefore, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection

(a), the court shall fashion a reasonable procedure to give effect to this chapter
that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

## II.     Justification for Alternative Notification

### a. *Large Number of Unknown Victims*

The case arises from a court-authorized search of defendant Richard Smith's ("SMITH") home in Southington, Connecticut. During the October 2020 search, computers and computer hard drives were seized from the defendant by members of Homeland Security Investigations ("HSI"). Computer data seized from SMITH's home ("the SMITH computer data") contained a large collection of child pornography child sex abuse material (images depicting child pornography and child exploitation). In all, approximately 72 terabytes of computer data were seized from SMITH's residence.[1] Of that, investigators believe that approximately 40 terabytes of computer data contain child sex abuse material.[2] Analysis of the SMITH computer data by HSI computer forensic investigators began shortly after seizure of the data in October 2020.

One device seized from SMITH's home was a Cybertron desktop computer. At the time of the search of SMITH's home, the computer was connected to the Internet and actively accessing a child pornography website. HSI investigators believe the Cybertron desktop computer to be the primary computer used by SMITH. Initial forensic review of the computer by HSI computer forensic investigators revealed that the device contained six hard drives with a data storage capacity totaling approximately 26 terabytes. Based upon preliminary findings to date, HSI computer forensic

---

[1] One terabyte of data storage equals to 1,000 gigabytes or 1,000,000 megabytes. For reference, the volume of data seized from SMITH is larger than the data storage capacity available to the entire of the HSI Boston Field Office.
[2] Forensic examination of the SMITH computer data continues. Any findings made by HSI computer forensic investigators are preliminary.

investigators believe that the Cybertron desktop computer contains at least 5.6 million images and videos that are child sex abuse material.

Forensic analysis of the SMITH computer data is ongoing. In addition to the Cybertron desktop computer, HSI computer forensic investigators have accessed approximately 14 terabytes of computer data stored to other computers and hard drives which contain child sex abuse material. In all, HSI computer forensic investigators believe there to be approximately 8.5 million images of child sex abuse material contained within the accessible SMITH computer data. Some seized hard drives remain full disk encrypted meaning that the data contained therein, totaling approximately seven terabytes, cannot be accessed and analyzed by computer forensic investigators. Whether the encrypted inaccessible data contains child sex abuse material is unknown.

As part of the forensic analysis of SMITH computer data, HSI investigators have begun to identify and isolate child sex abuse images so that those images can be searched for victims depicted in those images who are already known to law enforcement. This victim identification process takes a three-step process. First, HSI computer forensic investigators analyze and process the SMITH computer data to identify and isolate child sex abuse material. This is accomplished through computer-automated processes and human analysis by HSI forensic investigators. This step is expected to soon be complete (with the exception of the encrypted inaccessible data).

Second, HSI submits a copy of the child sex abuse material to the National Center for Missing & Exploited Children ("NCMEC"). NCMEC maintains a database of images of child sex abuse material that are recovered from law enforcement investigations throughout the United States. NCMEC's database includes "hashed" computer data contained within the metadata of an image. A hash is akin to a digital fingerprint for an image file which can be searched for or compared against within a data set. NCMEC will analyze the child sex abuse material recovered from the SMITH computer data with NCMEC's database of known child sex abuse images. NCMEC prepares a Child

Identification Report (often called a "CVIP") listing the known series[3] of child sex abuse material. In this case, HSI expects to provide over 8.5 million images to NCMEC. Based on past experience, HSI expects that the CVIP will contain thousands, or tens of thousands, of known series that depict known victims. In addition, thousands of images from the SMITH computer data are expected to depict victims of child sex abuse who are currently unknown to law enforcement, that is, an unknown series. Those unknown images will be periodically reviewed by NCMEC to determine whether a previously unknown victim has since become known to law enforcement.

NCMEC will send the CVIP report to the Office of Victim Assistance for the Federal Bureau of Investigation (the "FBI"). The FBI will then cross-reference the known series found by NCMEC against an FBI database. The FBI database contains the names and contact information for victims depicted in known series. The database contains information including whether or not known victims wish to be contacted when their known series is part of a criminal case, as well as contact information for attorneys who represent the victims. The FBI will compile this contact information, create a Victim Identification Report ("VIR"), and provide it to the Victim-Witness Coordinator for the United States Attorney's Office.

The Victim-Witness Coordinator will input the information from the VIR into the Department of Justice Victim Notification System. In this case, because of the anticipated large number of victims, the Executive Office for United States Attorney's Office will assist the Victim-Witness Coordinator in this endeavor through its "Mega Victim Case Assistance Program." This program assists individual United States Attorney's Offices in providing notice to victims in large cases by inputting victim information to the Victim Notification System, generating the initial victim notices, and fielding phone calls from victims. The program also assists in coordinating any restitution requests made by victims

---

[3] A "known series" refers to child sex abuse material that is known to law enforcement. For example, it will include images depicting child sex abuse that have been recovered in previous investigations or images in which the minor victim has been identified.

as part of the case.

In sum, HSI will search the SMITH computer data to identify and isolate child sex abuse material contained therein. NCMEC will analyze child sex abuse images contained within the SMITH computer data for known series. NCMEC will provide the known series data set to the FBI. From the known series data set (the NCMEC CVIP), FBI will compile a VIR for known victims depicted in the SMITH computer data. The contact information of victims in the SMITH computer data, expected to number in the thousands or tens of thousands, will be provided to the United States Attorney's Office as part of the VIR. The United States Attorney's Office will then input victim information into the Victim Notification System in order to notify victims.

To date, HSI investigators are compiling and copying computer data so that it may be provided to NCMEC. Due to the volume of the data, dozens of terabytes, processing and copying the data has taken significant time, resources, and computing power. HSI expects to be able to provide the data set to NCMEC in May 2021. HSI investigators have also coordinated with investigators at NCMEC. Based upon information received from NCMEC, the NCMEC data analysis is expected to take several months of computer processing before NCMEC can prepare the CVIP and report known series to the FBI. Once FBI receives known series information from NCMEC, the amount of time required to analyze the data set, compile victim contact information, and provide a VIR may take several months (depending on the number of known series). Upon receipt of the VIR the United States Attorney's Office will notice victims using the Victim Notification System. While the Government expects to identify thousands of victims, there also will remain thousands of unidentified victims.

b. *Government's Proposal*

The number of victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. The SMITH computer data contains over 8.5 million child sex abuse images which is likely to contain thousands or tens of thousands of victims, both known and unknown. Neither the Government nor the Court has the resources to accord all of the victims in this case the

notice required by subsection 3771(a). The Government seeks to accord victim rights without unduly interfering with or prolonging the criminal proceedings.

To date, the victim identification process to identify known victims depicted within the SMITH computer data is incomplete. The process is expected to take several months and is dependent upon the volume of data, computing power, and the number of known series revealed within the data set. The Government proposes victim notification in two phases. First, while the victim identification process is ongoing, the Government will use the Justice Department's website for large cases, http://justice.gov/largecases/, to direct victims to a case-specific website where all required notices will be posted. The Government will issue a press release informing individuals who believe they may be victims to access the Justice Department website for more information. With respect to unknown victims, even after the victim identification process is completed for the accessible SMITH computer data, the case-specific website will continue to be posted to the Justice Department's website for large cases until the case is concluded.

Second, when the victim identification process is completed for the accessible SMITH computer data, the Government will notify known victims using the Department of Justice Victim Notification System (unless those victims are pre-registered with the FBI as victims who do not seek notification). Upon receipt of the FBI VIR by the Victim-Witness Coordinator for the United States Attorney's Office, known victim information will be added to the Victim Notification System as expeditiously as practicable so that known victims can be noticed. The time required to notice every victim identified in the Victim Identification Report using the Victim Notification System will be dependent depending on the total number of victims in the FBI VIR.

Should additional victims become known through the NCMEC and FBI victim identification processes (e.g., a previously unknown series becomes a known series), and upon receipt by the United States Attorney's Office of any Supplemental FBI VIRs, those newly identified victims will be noticed using the Victim Notification System.

## CONCLUSION

Based on the foregoing, the government requests the Court grant the motion for alternative victim notification procedures. The Government requests use of a case-specific website to notice victims during the victim notification process and until the victim notification process is completed for the accessible SMITH computer data. Upon completion of the victim notification process, the Government will notice known victims using the Department of Justice Victim Notification System. As a number of victims are expected to remain unknown, the case-specific website will remain active to notice unknown victims until the completion of the case.

Respectfully Submitted,

LEONARD C BOYLE
UNITED STATES ATTORNEY

__/s/_____
PATRICK J. DOHERTY
ASSISTANT U.S. ATTORNEY
Federal Bar No. PHV10400
1000 Lafayette Blvd., 10th Fl.
Bridgeport, Connecticut 06604

**CERTIFICATE OF SERVICE**

      This is to certify that on April 15, 2021, a copy of the foregoing Government's Motion was filed electronically and served by first-class United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                    /s/_____
                                                  PATRICK J. DOHERTY
                                                  ASSISTANT U.S. ATTORNEY