UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    Crim. No. 3:21CR47 (JAM)


v.


RICHARD SMITH                               November 27, 2022


PROPOSED JURY INSTRUCTIONS

The Government submits the following proposed jury instructions[1] for use in connection

with the trial in the above-captioned case.   Specific instructions regarding the charged offenses

are derived principally from Sand, et. al., *Model Federal Jury Instructions*, *Federal Jury Practice

and Instructions*.


.

---

[1] Per this Court's *Instructions for Joint Trial Memorandum*, these proposed jury instructions are intended to be only "case-specific" as the parties' "need not submit general jury instructions."

The Government respectfully requests that, as part of the Court's general jury instructions, the Court instruct upon:

      a.   Direct and Circumstantial Evidence;

      b.   "Inference" Defined;

      c.   Specific Investigative Techniques Not Required;

      d.   Statements by the Defendant;

      e.   Similar Acts – Intent, Knowledge, Absence of Mistake.

The Government respectfully requests permission to supplement these proposed instructions further after receiving information regarding the defendant including the anticipated defenses, and as necessary during the course of trial.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

      /s/
_____

PATRICK J. DOHERTY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv10400
Patrick.doherty@usdoj.gov
1000 Lafayette Blvd, 10th Floor
Bridgeport, Connecticut 06604
(203) 696-3000

<u>CERTIFICATION</u>

      I hereby certify that on November 27, 2022, the foregoing Government's Proposed Jury Instructions were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                  /s/

                  PATRICK J. DOHERTY
                  ASSISTANT UNITED STATES ATTORNEY

## PART [#]: THE CHARGES

**A.      The Nature and Function of the Indictment**

With these general instructions in mind, I will now turn to the charges against the defendant as contained in the Indictment.

As you know, the defendant has pled not guilty to the crimes charged against him in the Indictment.

The Indictment is not, and may not be considered to be, evidence supporting any of the elements of these offenses.   The Indictment is merely a formal accusation and can in no sense be considered as proof in the slightest degree of the defendant's guilt.   As jurors, you should not permit yourselves to be influenced in any way against the defendant because of, or on account of, the Indictment or because he has to stand trial here. That a person has been accused and is on trial is not evidence of guilt, and you are not permitted to infer or speculate from this that he is more likely to be guilty than innocent.

The Indictment is also not a technical or legal statement of what the government must prove in order to carry its burden. My instructions alone determine the law that you are to apply to this case. Particular factual allegations in the Indictment do not become elements that the government must prove. In deciding whether the defendant is guilty or not guilty of a particular count, you are to consider only whether the government has proven beyond a reasonable doubt each of the elements of the crime charged in that count, as those elements are set forth by the court in these Instructions.

**B.      Separate Counts**

The Indictment contains two (2) counts, or charges. Each count charges the defendant with a different crime. You must consider each count separately, and you will be required to return a

separate verdict for each count. Whether you find the defendant guilty or not guilty as to one count should not be used by you in deciding your verdict as to any other count.

**C.      Consider Only the Charges**

The defendant is not charged with committing any crime other than the charges in the Indictment.

**D.      Date of Commission**

The Indictment includes dates or ranges of dates, on or about which the crimes charged in those counts are alleged to have occurred. Therefore, the government must prove that the crimes occurred on or about the dates or ranges of dates alleged in the Indictment.

However, the government does not have to prove that the crimes charged were committed on the exact dates or ranges of dates alleged, so long as the government proves beyond a reasonable doubt that the crime was committed on dates or ranges of dates reasonably near the ones charged. It does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the date or range of dates alleged in the Indictment and the date or range of dates proven beyond a reasonable doubt.

**E.      Instruction on Charges in the Indictment**

Let me now specifically direct your attention to the Indictment, which, I remind you once again, is not evidence. As relevant here, the Indictment contains two (2) counts, and each count charges a separate crime. In a moment I will provide you with detailed instructions on the nature and elements of each crime charged in the Indictment.

**F.      The Two Charged Counts**

In Count One, the defendant Richard Smith is charged with receipt of child pornography.

In Count Two, the defendant Richard Smith is charged with the possession of child pornography.

***G.      Count One***

Count One of the Indictment charges the defendant with receipt of child pornography. Specifically, Count One reads as follows:   [*Read Count One of the Indictment*]

**H.      Statutes Defining the Offenses Charged**

Section 2252A(a)(2) of Title 18 of the United States Code provides, in pertinent part, that (a) Any person who – (2) knowingly receives – (A) any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer – shall by guilty of a crime.

**I.      Elements of the Offense**

In order to prove the defendant guilty of receipt of child pornography in Count One of the Indictment, the Government must prove, beyond a reasonable doubt, each of the following four elements:

First, that the defendant knowingly received a visual depiction, as I will explain that term to you.

Second, that the visual depiction was transported in interstate or foreign commerce;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

If you find the Government has proven these elements beyond a reasonable doubt, then the receipt of child pornography as charged in Count One of the Indictment has been proven.

## J.        First Element: Receipt

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly received a visual depiction.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

To receive a visual depiction means to take possession of it. This includes the knowing acceptance of a depiction previously requested. Receiving includes the downloading of a photograph or video by means of the Internet.

The government must prove that defendant received the visual depiction knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

## K.        Second Element: Effect on Interstate Commerce

The second element that the government must prove beyond a reasonable doubt is that the child pornography was mailed or transported in or affecting interstate or foreign commerce.

The indictment alleges that the child pornography "was mailed, shipped and transported using any means and facility of interstate and foreign commerce, and in and effecting interstate and foreign commerce by any means, including by computer." This means that the government

must prove that the child pornography crossed between one state and another or between the United States and a foreign country. Transmission of a visual depiction – *i.e.*, a photograph, video, data or electronic means capable of conversion into a visual image – by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

**L.      Third Element: Child Pornography**

The third element that the government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and that portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation

in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child.

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance that you give to any one factor is up to you to decide.

**M.  Fourth Element: Knowingly**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knew that the material he received was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

9

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the received material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

### N.     *Count Two*

Count Two of the Indictment charges the defendant with possession of child pornography. Specifically, Count Two reads as follows:   [*Read Count One of the Indictment*]

### O.     Statutes Defining the Offenses Charged

Section 2252A(a)(5)(b) of Title 18 of the United States Code provides, in pertinent part, that (a) Any person who – (5)(b) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or

shipped or transported in or affecting interstate or foreign commerce by any means, including by computer – shall be guilty of a crime.

**P.      Elements of the Offense**

In order to prove the defendant guilty of possession of child pornography in Count Two of the Indictment, the Government must prove, beyond a reasonable doubt, each of the following four elements:

First, that the defendant knowingly possessed a visual depiction, as I will explain that term to you.

Second, that the visual depiction was transported in interstate or foreign commerce;

Third, that the visual depiction was child pornography, as I will define that term; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct; and

If you find the Government has proven these elements beyond a reasonable doubt, then the possession of child pornography as charged in Count Two of the Indictment has been proven.

**Q.      First Element: Possession**

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a visual depiction.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As

long as the visual depiction is within the defendant's control, he possesses it. If you find that the

defendant either had actual possession of the depiction, or that he had the power and intention to

exercise control over it, even though it was not in his physical possession, you may find that the

government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses

it, that is sole possession. However, it is possible that more than one person may have the power

and intention to exercise control over the visual depiction. This is called joint possession. If you

find that the defendant had such power and intention, then he possessed the depiction even if he

possessed it jointly with another person.

The government must prove that defendant possessed the depiction knowingly. An act is

done knowingly when it is done voluntarily and intentionally and not because of accident, mistake

or some other innocent reason.

**R.      Second Element: Effect on Interstate Commerce**

The second element that the government must prove beyond a reasonable doubt is that the

child pornography was mailed or transported in or affecting interstate or foreign commerce.

The indictment alleges that the child pornography "was mailed, shipped and transported

using any means and facility of interstate and foreign commerce, and in and effecting interstate

and foreign commerce by any means, including by computer." This means that the government

must prove that the child pornography crossed between one state and another or between the

United States and a foreign country. Transmission of a visual depiction – a photograph, video,

data, data, or by electronic means that is capable of conversion into a visual image – by means of

the Internet constitutes transportation in interstate commerce. However, you must find beyond a

reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.

**S.      Third Element: Child Pornography**

The third element that the government must prove beyond a reasonable doubt is that the visual depiction was child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and that portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct. The government does not have to prove the identity of the minor or the exact age of the minor. You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child.

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance that you give to any one factor is up to you to decide.

**T.      Fourth Element: Knowingly**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knew that the material he received was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

U.      ***Verdict Form: Age of Minor Depicted - (Count Two)***

Should you find that the Government has proven each of the four necessary elements of Count Two of the Indictment, possession of child pornography, beyond a reasonable doubt, you will then consider one additional question: Whether the government has proven beyond a reasonable doubt that one of more visual depictions possessed involved a prepubescent minor.

You must determine whether one or more of the visual depictions possessed, as alleged in Count Two if the Indictment, involved a minor who had not yet reached the age of puberty or was less than twelve years old. The term "prepubescent" means relating to or in the period preceding puberty, and generally lacking adult sexual characteristics such as body hair and breast development.

In order to satisfy this element, the government must prove beyond a reasonable doubt that one or more of the visual depictions alleged in Count Two involved a minor who had not yet reached the age of puberty or was less than twelve years old.

*V.*      ***Verdict Form: Prior Conviction(s) - (Counts One and Two)***

Should you find that the Government has proven every necessary element of either Count One or Count Two beyond a reasonable doubt, you then must determine whether the defendant committed the offense(s) in Count One and/or Count Two subsequent to a conviction relating to the possession of child pornography or subsequent to a conviction relating to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward.

The government contends that the defendant was convicted in the Connecticut Superior Court of the crime of possession of child pornography in violation of Connecticut General Statutes § 53a-l 96d, on or about May 4, 1999. The government further contends that the defendant was convicted in the Connecticut Superior Court of risk of injury to a minor in violation of Connecticut General Statutes § 53-21(a)(2), on or about May 4, 1999. However, it is for you to determine beyond a reasonable doubt whether the defendant was convicted of these crimes. Whether or not the alleged prior offenses relate to the possession of child pornography or relate to aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward is a legal question for the Court to determine. But you are to determine the facts – whether it has been proven beyond a reasonable doubt that the defendant was convicted of either of the crimes alleged by the government prior to the commission of the offenses charged in Counts One and Two of the Indictment.

You must find beyond a reasonable doubt that the defendant was, in fact, convicted of either of these crimes and that the convictions were prior to conduct charged in Counts One and Two of the Indictment. A plea of guilty has the same consequences as a conviction after trial. You will only consider these alleged prior convictions should you find that each and every one of the

elements of either Count One or Count Two has proven beyond a reasonable doubt.

I instruct you, in this connection, that your consideration of the alleged prior convictions are a necessary element only if you find that each of the elements in either Count One or Count Two of the Indictment were proven. The alleged prior convictions are only to be considered by you to determine whether the alleged prior convictions in fact occurred, and if they occurred whether they occurred prior to the offenses in Counts One and Two, and for no other reason. You are not to consider the alleged prior convictions for any other purpose. You are not to speculate as to the nature or circumstances of the alleged prior convictions. You may not consider the alleged prior convictions in deciding whether it is more likely than not that the defendant committed the offenses charged in Counts One and Two of the Indictment.