UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21CR47 (JAM) |
| v. | |
| RICHARD SMITH | November 28, 2022 |

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT CERTAIN EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b)**

The United States respectfully submits this memorandum of law concerning the admissibility of certain evidence that may implicate other crimes, wrongs, or acts. The Government intends to introduce this evidence to show that the defendant knowingly received and possessed child pornography recovered from his residence, and to prove factual elements required for enhanced sentencing provisions pursuant to 18 U.S.C. §§ 2252A(b)(1) & (b)(2). For the reasons set forth below, the Government submits that – to the extent this evidence fails under Federal Rule of Evidence 404(b) – these are permissible purposes under Federal Rule of Evidence 404(b), that the evidence at issue would not be unduly prejudicial, and that it should be admissible as part of the Government's case-in-chief.

**I.     Legal Standard**

While Federal Rule of Evidence 404(b) prohibits evidence of prior bad acts "to prove the character of a person in order to show action in conformity therewith," it does permit the admission of such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Second Circuit has "adopted an inclusionary approach to evaluating Rule 404(b) evidence, which allows evidence to be received at trial for any purpose other than to attempt to demonstrate the defendant's 'criminal propensity.'" *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir. 2003).

Prior acts evidence must be:

1. Offered for a proper purpose; to show something other than criminal propensity,

2. Relevant,

3. Have probative value that substantially outweighs the danger of unfair prejudice, and

4. Accompanied by a court-administered, appropriate, limiting instruction.

*See e.g.*, *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). Evidence of prior bad acts is, thus, "admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402." *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996) (internal citations omitted).

**II.     Summary of Evidence**

   *a.  Additional Visual Depictions of Child Pornography*

The Government intends to introduce evidence of child pornography that was in the possession of Mr. Smith, but which is not specifically listed by file name in the Indictment. Counts One and Two of the Indictment refers to child pornography "including, but not limited to, images bearing [certain file names]." *See* Dkt. No. 29. Specifically, the Government plans on introducing testimony related to Mr. Smith's possession of approximately 1.5 million images and videos stored to computer media seized from Smith's residence. The Government also intends to reference certain child pornography "series" possessed by Smith where the minor victims are known to law enforcement, including their approximate age at the time certain visual depictions were created. *See* Government Exhibits ("GX") 158-169. Visual depictions seized from Mr. Smith's residence were submitted to the National Center for Missing and Exploited Children in order to ascertain the identities of minor sexual abuse victims, if known. While introducing this evidence, including visual depictions, the Government plans to argue that Mr. Smith used and controlled the computer media seized from his home office, and received and possessed these images and videos.

### b. *Evidence of Smith's Prior Convictions*

The Government intends to introduce evidence of Mr. Smith's prior convictions, as noticed in Counts One and Two of the Indictment. *See* Dkt. No. 29. In 1999, Smith was convicted in the Connecticut Superior Court of the crime of possession of child pornography in violation of Connecticut General Statutes § 53a-196d, and risk of injury to a minor in violation of Connecticut General Statutes § 53-2l(a)(2). *Id*. The Government expects to elicit testimonial evidence related to these prior convictions, and the underlying facts. The Government also expects to introduce certified transcripts of criminal court proceeds related to the convictions, specifically the change of plea and sentencing in the Superior Court of the State of Connecticut.

### III. Discussion

#### a. *The full volume of child pornography possessed by Smith is admissible to show knowledge, intent, absence of mistake, and lack of accident as to the possession of the charged firearms.*

The Government would seek to introduce evidence of Mr. Smith's possession of visual depictions that are not specifically listed in the indictment by file name to show his knowledge, intent, absence of mistake, and lack of accident as to the possession of the specific visual depictions listed by file name in Counts One and Two of the Indictment. Mr. Smith was aware that he possessed a significant quantity of child pornography, approximately 1.5 million visual depictions totaling several terabytes of data, including the eight files listed in the Indictment. Smith intended to receive and possess child pornography in his residence; he made no mistake in possessing and receiving child pornography using the internet, and child pornography was not received and possessed by Mr. Smith by accident. Part of the Government's case will be that Smith "collected" a significant quantity of child pornography, which he described to law enforcement in an audio recorded interview, and that he received a significant quantity of child pornography using the Internet and dark web child pornography websites. The sheer volume of child pornography possessed by Mr. Smith supports the

inference that Smith knowingly received and possessed child pornography – catalogued by him with full knowledge of what the files depicted – that he intended to possess the visual depictions, that he was not mistaken, and the child pornography was not found there by accident or mere coincidence. Evidence is expected to show how Mr. Smith catalogued his large collections of child pornography, and by cataloguing the large quantity of child pornography, including the titles of file names and file names refenced on a spreadsheet kept by Smith, he knew that the visual depictions included visual depictions of children under the age of 12 years old engaged in sexually explicit conduct. Testimony and evidence related to the complete volume of images and videos possessed by Smith is not prohibited and is well within the inclusive parameters of F.R.E. 404(b).

      Smith's potential defenses to the charges in the Indictment is not known to the Government. But it is anticipated that Mr. Smith may argue that the child pornography found in his residence did not belong to him or that he did not possess the visual depictions, or that his constructive possession of the visual depictions was not knowing, while contending that other persons may have had access to the residence. Smith may also claim that he did not know what the specific files listed in the Indictment depicted, or that some of the files depicted prepubescent minors. Smith's possession of a large volume of child pornography at his residence – and cataloging and organizing these files and file names using a spreadsheet authored by "Richard," and by other means – tends to establish both his knowledge and the absence of mistake or accident with respect to the eight specific child pornography files named in the Indictment.

      The introduction of evidence related to the entirety of Mr. Smith's collection of child pornography files would not be used to make a propensity argument; the Government will not simply argue that because Mr. Smith possessed other child pornography, he is more likely to have possessed the eight files named in the Indictment. Rather, the Government's argument is about knowledge, intent, absence of mistake, and lack of accident. The volume of Mr. Smith's "collection," and the manner in which he downloaded child pornography files and catalogued those files, is relevant for

proving that Mr. Smith knew that he received and possessed child pornography, specifically the files charged in the Indictment.

Introduction of child pornography that is not specifically named in the Indictment will also allow for testimony about other "series" of child pornography possessed by Smith, including visual depictions where evidence of the identities and ages of minor sexual abuse victims can be elicited through testimonial witnesses. This evidence will also be introduced, along with Smith's spreadsheet and cataloguing of his child pornography collection, to show knowledge, intent, absence of mistake, and lack of accident where Smith knowingly possessed, as charged in Count Two of the Indictment, images depicting prepubescent minors engaged in sexually explicit conduct.

There is not significant danger of unfair prejudice. As part of its case-in-chief, the Government will attempt to prove that Mr. Smith received and possessed child pornography. The fact that he possessed child pornography that is not specifically named in the Indictment (though other files are referenced by the inclusion of "not limited to" in the Indictment) is unlikely to inflame the jurors' passions, since the charge itself already alleges receipt and possession of child pornography.

Given the lack of prejudice and the significant probative value, the probative value of the volume of Smith's child pornography collection substantially outweighs the danger of unfair prejudice. To the extent that such evidence admitted, and considered "other acts" evidence, a limiting instruction could appropriately address any risk of undue prejudice.

### b. Prior Conviction Evidence

The Government would also seek to introduce evidence of Mr. Smith's 1999 prior convictions, and the underlying facts thereof, for possession of child pornography and risk of injury to a minor.

"For uncharged crime evidence to be probative of knowledge and intent, the government must identify a similarity or connection between the two acts." *United States v. Paulino*, 445 F.3d

211, 223 (2d Cir. 2006) (internal quotations and citations omitted). Smith's prior conviction for possessing child pornography and sexually abusing a minor victim who had not attained the age of 12 years, shows Smith's knowledge, absence of mistake, and lack of accident with respect to his receipt and possession of child pornography, including that depicting minors under the age of 12 years' old. This evidence would negate any defense that Smith lacked knowledge that the visual depictions were child pornography when received and possessed, or that he did not know or intend to receive and possess child pornography depicting minors engaged in sexual conduct that had not yet reached the age of 12 years old.

Any stigma related to Smith's prior possession of child pornography and his conviction for risk of injury to a minor is not unfair given the Government's burden here is to prove Smith's receipt and possession of child pornography, including that depicting prepubescent minors engaged in sexually explicit conduct. *See United States v. Dupree* 870 F.3d 62, 77 (2d Cir. 2017) (citing *United States v. Williams*, 205 F.3d 23, 24 (2d Cir. 2000) (no undue prejudice where prior acts were not more serious than the crimes charged, and court issued proper limiting instruction)). Unless stipulated to by the defendant, proof of his prior convictions is necessary in order to prove relevant facts required to subject Smith to the enhanced penalty provisions.

To the extent that Smith's prior convictions are used to show knowledge, intent, absence of mistake, and lack of accident in Smith's receipt and possession of child pornography, the probative value of Smith's prior conviction outweighs the danger of unfair prejudice, the Court can provide a limiting instruction related to the prior criminal conduct, and it is not expected that the information will enflame a juror's passion to the point where he or she will not be able to follow the Court's limiting instructions related to the prior conduct.

## IV. Conclusion

Wherefore, the United States respectfully requests the admission of these exhibits.

DATED:    November 28, 2022

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

__/s/_____
PATRICK J. DOHERTY
Assistant United States Attorney
Federal Bar No. PHV10400
1000 Lafayette Blvd., 10th Fl.
Bridgeport, CT 06604