UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:21-CR-47 (JAM) |
| vs. | : | |
| RICHARD SMITH | : | July 25, 2023 |

### SENTENCING REPLY MEMORANDUM

Mr. Smith respectfully submits this reply memorandum in anticipation of his sentencing hearing on Thursday, July 27, and to respond to certain points raised in the government's sentencing memorandum (ECF No. 88). By limiting his reply to these points, Mr. Smith does not waive any argument previously raised.

In its memorandum, the government suggests that certain aggravating factors warrant a sentence of imprisonment at the top of the Guidelines range (14 years). However, these factors have already been incorporated and result in a significantly enhanced statutory range and Guidelines range, and none of them support a sentence at the very top of the Guidelines.

In particular, the government repeatedly emphasizes Mr. Smith's two prior convictions, a 1992 conviction for risk of injury to a minor, and a 1999 conviction for illegal sexual contact of a minor and possession of child pornography. ECF No. 88 at 1, 4, 9, 10, 15, 17. If Mr. Smith had not incurred a prior state conviction relating to "abusive sexual conduct involving a minor" or "possession . . . of child pornography" he would be facing a statutory imprisonment range of 0–20 years. *See* 18 U.S.C. § 2252A(b)(2). Instead, Mr. Smith's criminal history, particularly his 1999 conviction, results in a 10-year mandatory-minimum term of imprisonment. *See id.* Further, because of Mr. Smith's criminal history, the Presentence Report applies a 5-level "pattern of activity"

enhancement under U.S.S.G. § 2G2.2(b)(5), which increases Mr. Smith's total offense level from 28 to 33 and nearly doubles his Guidelines imprisonment range from 78–97 months to 135–168 months. *See* PSR ¶ 28.

The government also focuses on the number of images. As a threshold matter, the number of images is causally related to Mr. Smith's ███████████████████████████ That Mr. Smith had a "categorization process" and maintained an Excel spreadsheet to organize the images, *see* ECF No. 88 at 3, 8, corroborates Dr. Alexander Bardey's expert finding that Mr. Smith was compulsively collecting and categorizing images. *See* Exh. A at 16, 19. Mr. Smith has diagnosed mental health conditions that "catalyzed" the offense conduct and contributed to the large number of images in this case. *Id.* at 19. As Dr. Bardey explained, "the process of amassing the files was compulsive and fulfilling, at a time when Mr. Smith did not have any other sources of gratification" and was involuntarily unemployed due to his deteriorating health. *Ibid.*

The government also emphasizes the "enterprise-grade computer storage capabilities" of Mr. Smith's office, while failing to mention that Mr. Smith worked for decades in the computer space and generally used his storage capacity for lawful purposes. *See* ECF No. 88 at 3. However, the actual amount of storage space—"hard drives that could store approximately 26 terabytes of data"— is not as substantial or professional as it might sound. A quick search on Amazon.com shows that a 20-terabye external hard drive (with more than 21,000 customer reviews) is available for anyone to purchase for only $350. This product is roughly the size and weight of a hardcover book.

More to the point, the Guidelines already severely penalize Mr. Smith for the number of images in this case. The Presentence Report calculates that "Mr. Smith possessed at least 12,790 images of child pornography," and therefore applies a 5-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D). According to the court in *United States v. Dorvee*, this enhancement is applied in

63% of child pornography cases, and an enhancement based on the number of images possessed is applied in 97% of child pornography cases. 616 F.3d 174, 186 & n.9 (2d Cir. 2010). This enhancement effectively doubles Mr. Smith's Guidelines imprisonment range from 78–97 months to 135–168 months. *See* PSR ¶ 28.

Taken together, the 5-level enhancement for a pattern of activity and the 5-level enhancement for the number of images increase Mr. Smith's total offense level from 23 to 33 and increase his Guidelines imprisonment range from 46–57 months to 135–168 months.

The government also argues that Mr. Smith's advanced age and very poor health are not unusual enough to warrant a downward departure or variance, while conceding that **90%** of child pornography defendants are younger than 60. *See* ECF No. 88 at 11–12. In fact, Mr. Smith's age—67 years old—is statistically unusual for this or any other criminal offense. It is also highly significant, should Mr. Smith live long enough to complete the 10-year sentence required by statute in this case, he will be in his 70s when he is released. The United States life expectancy at birth for a male is 73.5 years. *See* CDC, Life Expectancy, https://www.cdc.gov/nchs/fastats/life-expectancy.htm (last accessed July 25, 2023). As explained in a 2017 Prison Policy Initiative article compiling the results of numerous research studies, "[e]ach year in prison takes 2 years off an individual's life expectancy," and Mr. Smith, even with good conduct time, will spend more than eight years in prison for this offense. *See* Emily Wildra, *Incarceration Shortens Life Expectancy*, Prison Policy Initiative (June 26, 2017), https://tinyurl.com/4emjfpau (last accessed July 25, 2023). ▮

▮
▮
▮

███████████████████ Given Mr. Smith's advanced age and poor physical and mental health, a sentence of 10 years' imprisonment would resemble a sentence of life imprisonment.

The government cites several cases in which child pornography defendants received lengthy sentences.  Without having reviewed the presentence reports in those cases, it is impossible to determine whether those defendants were similarly situated to Mr. Smith.  However, for every case in which a court punished a child pornography defendant harshly, there is also a case in which a court found that mitigating factors favor comparative leniency.  It is common in this district for defendants convicted of child pornography offenses, even those with extensive collections, to receive sentences at or near 60 months.  For example, in *United States v. Richard Doyle*, No. 3:13-CR-227 (MPS), Judge Bryant varied downward to 60 months from a sentencing range of 210 to 240 months and an offense level of 37 in the case of a 64-year-old teacher convicted of receiving and distributing child pornography.  Similarly, in *United States v. Parilla*, 3:12-CR-140 (VLB), Judge Bryant sentenced a 49-year-old practicing pediatrician convicted of receiving and distributing child pornography to 60 months, similarly varying downward—by 150 months—from a sentencing range of 210 to 240 months and an offense level of 37.  Mr. Parilla's sentencing memorandum acknowledged that, "[w]ith at least one-hundred-thousand images and ten-thousand videos, Todd Parilla had, unquestionably, amassed a more than substantial collection of child pornography."  *Parilla*, ECF No. 45 at 6–7.  In *United States v. Pearce*, No. 3:12-CR-59 (SRU), Judge Underhill imposed a sentence of 60 months, varying downward from Guidelines range of 70 to 87 months, for a 54-year-old defendant convicted of distributing child pornography.  During online chats, Mr. Pearce "referenced engaging in sexual conduct with his female relatives, including his daughters and nieces."  *Pearce*, ECF No. 26 at 3.  While Mr. Smith might have possessed more images than these defendants (and will be punished much more severely), these cases set a baseline.

4

As noted in the Presentence Report, the JSIN data for U.S.S.G. § 2G2.2 defendants with Mr. Smith's total offense level and criminal history category tends to point toward a sentence *below* the 10-year mandatory-minimum sentence. *See* PSR ¶ 87 (average sentence of 91 months; median sentence of 96 months). And a 10-year sentence is sufficient to satisfy the government's stated interest in making the public "aware that possession of child pornography . . . will result in a substantial term of imprisonment." *See* ECF No. 88 at 14.

Finally, as the government concedes, "there is no evidence that Mr. Smith distributed child pornography" and the offense "does not involve any hands-on contact of a minor." ECF No. 88 at 3, 9. There is also no evidence that Mr. Smith as much as touched a minor in the last 25 years. This is not a case in which a sentence within the range urged by the presumptively unreasonable Guidelines would be appropriate. As the Court of Appeals has recognized, the sentencing guidelines for child pornography offenses are severely out of whack. *See, e.g.*, *Dorvee*, 616 F.3d 174. And this is not the unusual case in which a sentence at the top of these Guidelines, *i.e.*, 14 years, would be appropriate. This is a case of simple possession of child pornography. Given the absence of any allegations of distribution, attempted distribution, contact, attempted contact, or obstruction of justice, and given the extraordinary circumstances of Mr. Smith's advanced age, poor health, and mental health issues which contributed to the offense conduct, the sentence sought by the government is far greater than necessary to meet the purposes of sentencing.

In terms of culpability, people who compulsively view child pornography should be viewed similarly to people who compulsively abuse illegal substances. They are downstream consumers motivated by mental illness. They should not be punished to the same extent as people who produce child pornography or distribute it for profit, any more than people addicted to drugs should be punished to the same extent as people who manufacture drugs or peddle them for profit. While some

of the people who created, sold, and shared the images that Mr. Smith viewed might deserve a sentence tantamount to life imprisonment, Mr. Smith does not.

In this case, for all these reasons as well as those discussed in Mr. Smith's opening sentencing memorandum, a sentence of 10 years' imprisonment is sufficient to meet the purposes of sentencing in this case.

Respectfully Submitted,

THE DEFENDANT,
Richard Smith

OFFICE OF THE FEDERAL DEFENDER

Date: July 25, 2023

*/s/ Tracy Hayes*
Tracy Hayes
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: phv06527
Email: tracy_hayes@fd.org

*/s/ Andrew Giering*
Andrew Giering
Assistant Federal Defender
10 Columbus Blvd, Floor 6
Hartford, CT 06106
Phone: (860) 493-6260
Bar No.: ct29332
Email: andrew_giering@fd.org

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 25, 2023, a copy of the foregoing Sentencing Reply Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

         */s/ Tracy Hayes*
         Tracy Hayes