UNITED STATES DISTRICT COURT
District of Connecticut

**JUDGMENT IN A CRIMINAL CASE**

| UNITED STATES OF AMERICA | Case Number: **3:21-CR-00047-JAM(1)** |
|---|---|
| | USM Number: 10940-509 |
| v. | |
| **RICHARD SMITH** | **Patrick Doherty & Nancy Gifford** |
| | Assistant United States Attorneys |
| | **Andrew P. Giering & Tracy Hayes** |
| | Defendant's Attorneys |

Defendant pled guilty to count two of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| Title 18, United States Code, §§2252A(a)(5) and (b)(2) | Possession of Child Pornography | 10/1/2020 | 2 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
Defendant is ordered committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 144 months on count two.

**SUPERVISED RELEASE**
Upon release from imprisonment, Defendant shall be on Supervised Release for a total term of 15 years.

The Mandatory and Standard Conditions of Supervised Release / Probation as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either in-patient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office. The defendant shall pay all, or a portion, of the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office.

(2) The defendant shall agree that any device that he uses with Internet access, including a computer, will be equipped with monitoring software that will permit the United States Probation Office to determine whether he has been in contact with minors, either through email, chat rooms, instatnt messaging or any other electronic means. The defendant shall pay all, or a portion, of the costs associated with computer monitoring based on his ability to pay, in an amount to be determined by the United States Probation Office.

(3) The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the United States Probation Office, of any computer-related restrictions that are imposed.

(4) The defendant shall have no unsupervised contact with any child under 18 years of age without the express permission of the United States Probation Office and treatment provider. Upon release, the United States Probation Office will determine whether the defendant may have unsupervised contact with his own children.

(5) The defendant shall permit the United States Probation Office, accompanied by either local, state, or Federal law enforcement authorities, upon reasonable suspicion, to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors.

(6) The defendant shall comply with any applicable federal, state, and local sex offender registry laws and requirements.

(7) The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to telephone bills and credit card statements.

(8) The defendant shall not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate. The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group

(9) The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18.

(10) The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

(11) The defendant must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of his supervision following the ompletion of a sex offender treatment program. The defendant must pay all or a portion of the costs associated with testing based upon his ability to pay as determined by the Probation Office.

(12) The defendant must provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, (ii) purchase child pornography or access child pornography, or (iii) have contact with minors.

(13) To ensure compliance with the preceding monitoring condition, the defendant must allow the United States Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices tha the devices may be subject to review pursuant to this condition. The defendant must allow the United States Probation Office to use such equipment as is necessary to determine the presence of an Internet/Wi-Fi connection.

(14) If restitution is ordered, the defendant must provide the Probation Office access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office.

(15) The defendant must pay any restitution that is imposed by this judgment. If the defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $100 per month or 10% of the defendant's gross monthly income, whichever is greater. Payments are not due while the defendant is incarcerated, except those in connection with the Inmate Financial Responsibility Program. Interest shall not accrue. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined the Probation Office and approved by the Court.

**CRIMINAL MONETARY PENALTIES**
Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| **Special Assessment:** | $100.00 to be paid to the Clerk of the Court. |
| **Fine:** | Waived |
| **Restitution:** | Restitution is ordered in an amount to be determined.  The defendant must pay any restitution that is imposed by this judgment.  If the defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $100 per month or 10% of the defendant's gross monthly income, whichever is greater.  Payments are not due while the defendant is incarcerated, except those in connection with the Inmate Financial Responsibility Program. Interest shall not accrue. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined the Probation Office and approved by the Court. |

It is further ordered that the Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed: Count 1 dismissed on government motion.


**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
The Court recommends Defendant be designated to FMC Devens.


**July 27, 2023**
Date of Imposition of Judgment


/s/ Jeffrey A. Meyer
Signature of Judge

**JEFFREY A. MEYER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

    **July 27, 2023**
Date

## CONDITIONS OF SUPERVISION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

1. You shall not commit another federal, state or local crime.
2. You shall not unlawfully possess a controlled substance.
3. You shall refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ■ You must cooperate in the collection of DNA as directed by the Bureau of Prisons or probation officer. *(check if applicable)*
6. ■ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____            _____
               Defendant                                                                Date

          _____            _____
          U.S. Probation Officer/Designated Witness                                     Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
      Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____,
with a certified copy of this judgment.

 

                                                                                     Lawrence Bobnick
                                                         Acting United States Marshal

                                 By   _____
                                                                          Deputy Marshal